IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  CYNTHIA RIVERS, | : | CHAPTER 13 |
| | : | |
| DEBTOR(S). | : | CASE NO.: 22-10871 |
| | : | |
| | : | |

**ORDER DISMISSING CHAPTER 13 AND SETTING DEADLINE FOR APPLICATIONS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**

**AND NOW**, upon consideration of the Motion to Dismiss Case filed by Kenneth West, Standing Trustee (the "Trustee"), and after notice and hearing, it is hereby **ORDERED** that:

1. This chapter 13 bankruptcy case is **DISMISSED**.

2. Counsel for the Debtor shall file a master mailing list with the Clerk of the Bankruptcy Court if such has not been previously filed.

3. Any wage orders previously entered are **VACATED**.

4. Pursuant to 11 U.S.C. §349(b)(3), the undistributed chapter 13 plan payments in the possession of the Trustee shall not revest in the entity in which such property was vested immediately before the commencement of the case.  All other property of the estate shall revest pursuant to 11 U.S.C. §349(b)(3).

5. All applications for allowance of administrative expenses (including applications for allowance of professional fees) shall be filed within twenty (20) days of the entry of this Order.

6. Counsel for the Debtor shall serve this Order by first class mail, postage prepaid, on all interested parties within five (5) days of the entry of this Order.  Within thirty (30) days after the entry of this Order, counsel shall file (1) a Certification of Service confirming such

service, and (2) a Certification of No Response confirming that neither an objection to the proposed compensation nor an application for administrative expense has been filed, or if such application has been filed, set a hearing on all such applications.

7.  If no Certification, as required above in Paragraph 6 has been entered on the docket within sixty (60) days of the entry of this Order, then the Standing Trustee shall, if any applications for administrative expenses other than Debtor(s)' Counsels have been filed, set a hearing thereon or, if no such applications have been filed, be authorized to return such funds to Debtor(s) pursuant to 11 U.S.C. §1326(a)(2).

Dated: July 29, 2022

*Magdeline D. Coleman*

MAGDELINE D. COLEMAN
Chief U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  CYNTHIA RIVERS, | : | CHAPTER 13 |
| | : | |
| DEBTOR(S). | : | CASE NO.: 22-10871 |
| | : | |
| | : | |

**CERTIFICATION OF SERVICE**

Michelle Lee, being duly sworn according to law, served the order reserving jurisdiction upon the following individuals listed below, by electronic means and/or first-class mail.

**cc:**  **Kenneth West**
**Chapter 13 Trustee**
**P.O. Box 1229**
**Philadelphia, PA 19105**

**United States Trustee**
**833 Chestnut Street, Suite 500**
**Philadelphia, PA 19107**

**Cynthia Rivers**
**629 East Westmoreland**
**Philadelphia, PA 19134**

Date: July 27, 2022                     Respectfully Submitted,

/s/ Michelle Lee
Michelle Lee, Esq.
Law Offices of Georgette Miller, Esq., P.C.
119 S. Easton Rd.
Glenside, PA 19038

**ALL ATTORNEYS OF RECORD**
**ALL PARTIES ON CLERK'S SERVICE LIST**
**ALL CREDITORS AT THE ADDRESS LISTED ON THE MATRIX AND/OR at the ADDRESS LISTED ON FILED PROOFS OF CLAIMS**
**And notice to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic filing constituting service of the filed document upon all of the parties required by Federal Rule of Bankruptcy Procedure 3020(b)(1) and all parties that have requested service of papers in this case.**